### Winifred Wood v. William Hardy.

As owner of one-half and usufructuary under the will of the other half of the note sued on, the plaintiff had the right to maintain an action to enforce payment.

APPEAL from the District Court of the parish of Claiborne, *Land*, J. *McGuire & Ray*, for plaintiff. *Watkins*, for defendant and appellant.

Buchanan, J. There are two questions presented in this case:

1st. The right of the plaintiff, as holder of the note sued upon.

2d. A plea of compensation.

The note is dated Minden, 1st May, 1851, signed by defendant, and payable to *Robert Baldwin*, or bearer, twelve months after date. It appears to have been the property of *Martin Wood*, who died in 1851. The plaintiff is the widow of *Martin Wood*, who left a will, made in 1849, which has been probated, and contains the following clauses:

"I give and bequeath unto my wife, *Winifred Wood*, the plantation and all the land belonging to the Home Farm, some nine hundred acres or more, whereon I now reside, with all the negroes and their increase, say about fifty negroes in number, and the stock of horses, mules, cattle, wagons, and all the household and kitchen furniture belonging to the place, during her natural life; then, if it can be done by my executors, all of the negroes to be set free, and carried to the near part of Mexico, beyond the river Rio Grande. I also set aside the sum of three thousand dollars to accomplish the same. The balance of my money and debts I give to my wife, *Winifred Wood*, during her life. I give and bequeath to *Nancy Doles* a tract of land called the Thompson Place, and all the improvements thereon, containing eight hundred and eighty acres, more or less, also one hundred dollars to purchase her a horse. This I give her in consideration of the number of years she has resided in the house with us, and during said time she became a cripple for life. It is my wish that my Red River land, called Goshen, lying part in Caddo and part in Bossier parish, be sold as my executors may deem to the interest of the legatees of my estate; said tract of land contains some nine hundred acres more or less. After the decease of my beloved wife, *Winifred Wood*, it is my desire that the remaining surplus of my property be sold by my executors, and equal division made between my nieces and nephews [naming them]. I do hereby appoint my friends, *William Hardy* and *James M. Morrow*, both of Minden, my executors, to carry out this my last will and testament."

The note now sued upon is to be reckoned among the debts mentioned in this will, and of which the usufruct is given to plaintiff by its terms. The debt evidenced by that note was property of the community of acquets, and belonged, for one-half, to plaintiff at the dissolution of the community. As owner of one-half, and usufructuary under the will of the other half, the plaintiff has an undoubted right to maintain an action for the recovery of this debt.

There is no seizin in the warranty under the will, at least during plaintiff's lifetime, of anything but the Goshen tract of land.

A partial payment of the note, and credited on the same, in the year following *Martin Wood's* death, is inconsistent with defendant's present pretensions.

WOOD
v.
HARDY.

The claim of three thousand dollars, in his capacity of executor, if defendant could urge it at all during plaintiff's lifetime, (which is more than doubtful,) can clearly not be pleaded as an offset against a debt due by him personally.

The prayer of appellee for damages for a frivolous appeal is entitled to favorable consideration.

Judgment of District Court affirmed, with seventy-two dollars damages for a frivolous appeal, and costs.

SPOFFORD, J., recused himself.